E-filing

1  KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP
2  Mark F. Anderson (SBN 44787)
   445 Bush Street, 6th Floor
3  San Francisco, CA 94108
   Tel:   (415) 861-2265                    **FILED**
4  Fax:   (415) 861-3151
   Email: mark@kabolaw.com                  MAR 1 9 2008
5
6  Attorneys for Plaintiff Rodney C. Nash   RICHARD W. WIEKING
                                            CLERK, U.S. DISTRICT COURT
7                                           NORTHERN DISTRICT OF CALIFORNIA
                                            OAKLAND

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA          ADR

10

11  RODNEY C. NASH,              ) Case No.  **C08-01521**
                                 )
12          Plaintiff,           )
                                 )
13    vs.                        )  **COMPLAINT**
                                 )
14  NAVY FEDERAL CREDIT UNION;   )
    EXPERIAN INFORMATION         )        and
15  SOLUTIONS, INC., a Ohio corporation; )
    TRANS UNION LLC, a Delaware  )
16  corporation;                 )
    EQUIFAX INFORMATION SERVICES, )  JURY TRIAL DEMAND
17  LLC, a Georgia corporation;  )
                                 )
18                               )
                                 )
19          Defendants.          )    **BY FAX**
                                 )
20                               )
                                 )
21                               )
                                 )
22                               )
                                 )
23                               )
                                 )
24                               )
                                 )
25                               )
                                 )
26                               )

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

1      1.      This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.
2    §1681 *et seq*.

3                                    **PARTIES**

4      2.      Plaintiff Rodney C. Nash is a "consumer" as defined by 15 U.S.C. § 1681a(c).
5    Plaintiff resides in the City and County of Alameda.

6      3.      Defendant Navy Federal Credit Union ("Navy FCU") has its principal place
7    of business in Merrifield, VA. Navy FCU is both a "person" as defined by 15 USC §
8    1681a(b) and a "user" of consumer credit information as said term is used in the FCRA,
9    including 15 USC § 1681b.

10     4.      Defendant Equifax Information Services, LLC ("Equifax") is a "consumer
11   reporting agency that compiles and maintains files on consumers on a nationwide basis" as
12   defined in 15 U.S.C. §§ 1681a(f) and (p).

13     5.      Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer
14   reporting agency that compiles and maintains files on consumers on a nationwide basis" as
15   defined in 15 U.S.C. §§ 1681a(f) and (p).

16     6.      Defendant Trans Union LLC ("Trans Union") is a "consumer reporting
17   agency that compiles and maintains files on consumers on a nationwide basis" as defined in
18   15 U.S.C. §§ 1681a(f) and (p).

19                                   **JURISDICTION**

20     7.      This court has jurisdiction under 28 U.S.C. § 1331. Defendants were
21   authorized to and have been doing business within this district at all relevant times.

22                                      **VENUE**

23     8.      The activities alleged herein occurred within this district.

24                                      **FACTS**

25     9.      On August 22, 1997, plaintiff Rodney C. Nash purchased a new 1998
26   Mitsubishi car for which he financed with a loan from defendant Navy FCU in the

1 amount of $36,040. In January 2000, the car was stolen and not recovered; on February
2 22, 2000, plaintiff's insurance company Progressive paid $17,742.03 directly to the
3 defendant Navy FCU for the loss. On March 6, 2000, Progressive paid $465.49 to the
4 Navy FCU for reasons unknown to plaintiff. Progressive's payments left a loan balance
5 of about $14,123. Not having the car and not being able to make payments on the loan,
6 plaintiff made no further payments on the car loan.

7     **10.**    There has been no further activity on the Navy FCU loan account since
8 March 6, 2000.

9     **11.**    Under the FCRA, the Navy FCU loan was not reportable to the credit
10 bureaus after 180 days plus seven years (September 2007). However, the defendant Navy
11 FCU re-aged the account reporting to the credit reporting agencies that the date of last
12 activity was August 2003 or September 2003. Navy FCU continued to fraudulently carry
13 this bad debt as a performing loan for over three years. The effect was the re-aging was to
14 make the debt reportable until the same months in 2009.

15     **12.**    Defendant Navy FCU also reported falsely to at least Experian and Trans
16 Union that the debt was in the amount of $177,715 rather than the correct amount of
17 $17,715. The purpose may have been to claim an exemption to the seven year reporting
18 period limit, which exempts debts over $150,000.

19     **13.**    The Navy FCU has continued to report the loan balance to the defendant
20 credit reporting agencies to date in spite of dispute letters sent to them by plaintiff in or
21 about September 2000, November 2005, and on January 7, 2008.

22     **14.**    Plaintiff is informed and believes that each of the defendant credit reporting
23 agencies sent Navy FCU a notification that plaintiff was disputing the accuracy of what it
24 was reporting to them.

25     **15.**    Defendant Navy FCU and the defendant credit reporting agencies failed to
26 perform a reasonable reinvestigation as required by the FCRA.

16. Each of the defendant credit reporting agencies failed to note in its consumer disclosures and credit reports that the Navy FCU loan information was disputed by plaintiff.

### Damages

17. Plaintiff has been damaged by defendants' refusal to correct and delete the inaccurate information on his credit reports.

18. Plaintiff has been denied credit because of the report of the Navy FCU loan account. Plaintiff has suffered emotional distress as a legal result of defendants' violations of the FCRA.

**First Claim for Relief—Defendant Equifax, Experian and Trans Union's Failure to Reinvestigate Disputed Information**

19. Plaintiff realleges and incorporates ¶¶ 1-18.

20. After plaintiff disputed the accounts mentioned above, defendants Equifax, Experian and Trans Union were required by 15 USC 1681i(A) to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, defendants were required to send all relevant information to the furnishers, which it did not do.

21. Defendants negligently and willfully failed to conduct reasonable reinvestigations as required by the FCRA.

**Second Claim for Relief— Defendant Navy FCU's Reporting Inaccurate Information to Defendants Equifax, Experian and Trans Union and Failure to Reinvestigate**

22. Plaintiff realleges and incorporates ¶¶ 1-18.

23. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

24. Defendant Navy FCU violated section 1681s-2 by reporting inaccurate account information.

25. Defendants Equifax, Experian and Trans Union provided notice to the defendant Navy FCU that plaintiff was disputing the inaccurate information, but each of

1    the furnishers failed to reinvestigate the information as required by the FCRA, 15 USC

2    1681s-2(a)(E).

3    **WHEREFORE**, plaintiff prays for judgment against defendants as follows:

4    1.    Actual damages;

5    2.    Statutory damages;

6    2.    Punitive damages;

7    3.    Attorneys fees, and

8    4.    Costs and expenses incurred in the action.

9    Dated: March 18, 2008.

10    KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP

11

12    By:    Mark F. Anderson
              Attorneys for Plaintiff

13

14    **DEMAND FOR JURY TRIAL**

15    Plaintiff demands a trial by jury on all issues.

16

17    By: Mark F. Anderson
         Attorney for Plaintiff

18

19

20

21

22

23

24

25

26

Complaint—*Rodney C. Nash v Navy FCU, et al*                                    5

JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

BY FAX

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS

Rodney C. Nash,

## DEFENDANTS

Navy Federal Credit Union, Experian Information Solutions, Inc., Trans Union LLC, Equifax Information Services, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Mark F. Anderson, 044787
Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP, 455 Bush Street, 6th Floor, San Francisco, CA 94108 (415) 861-2265

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "✓" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF

(For diversity cases only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "✓" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transfered from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 620 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl.Ret. Inc. Security Act | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | ☑ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Failure to Reinvestigate Disputed Information 15 USC 1681i(A);
Reporting Inaccurate Information 15 USC 1681s-2

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

JURY DEMAND: ☑ YES ☐ NO

CHECK YES only if demanded in complaint:

## VIII. RELATED CASE(S) IF ANY    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✓" IN ONE BOX ONLY)

☑ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE 3/18/08    SIGNATURE OF ATTORNEY OF RECORD