UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RODNEY C. NASH,

    Plaintiff(s),

v.

NAVY FEDERAL CREDIT UNION,
    Defendant(s).

E-filing

No. **C 08-01521 EDL**

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

FILED MAR 19 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Elizabeth D. Laporte. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 3/19/2008 | Complaint filed | |
| 6/3/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 6/17/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 6/24/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm E, 15th Floor, SF at 10:00 AM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

STANDING ORDER

Magistrate Judge Elizabeth D. Laporte

1) Civil law and motion is heard on Tuesdays at 9:00 a.m. Criminal law and motion is heard on Tuesdays at 1:15 p.m. Counsel need not reserve a hearing date in advance. However, noticed dates may be reset as the court's calendar requires.

2) Case Management Conferences are held on Tuesdays at 10:00 a.m. Pretrial Conferences are held on Tuesdays at 2:00 p.m.

3) Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than 35 days pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order to shorten or enlarge time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events, the Court is available pursuant to Civil L.R. 37-1(b).

In the event a discovery dispute arises, counsel (or if pro se, the party) seeking discovery or a protective order shall confer in good faith with opposing counsel (or pro se party) in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

4) The Court strives to set matters and render decisions in a timely manner. The Court encourages parties to advise the Court by letter to chambers of any matter that appears to have been unduly delayed.

IT IS SO ORDERED.

Dated: July 26, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge

```
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA


        Plaintiff(s),           No.        EDL

   v.                           STANDING ORDER RE
                                CASE MANAGEMENT CONFERENCE
        Defendant(s).
   _____/
```

**Lead trial counsel** who will try this case are directed to confer in advance of the Case Management Conference with respect to all matters contained in the attached Proposed Joint Case Management Order, including **a discovery plan and discovery limits** and all other matters described in Federal Rules of Civil Procedure 16(a), 16(b) and 26(f) and Civil Local Rule 16-10. Pursuant to Civil L.R. 16-10(a), <u>**lead trial counsel shall attend the Case Management Conference**</u> and be prepared to discuss all matters referred to in this order. Counsel shall have the authority to enter stipulations and make admissions regarding all matters described herein.

PLAINTIFF IS DIRECTED TO SERVE COPIES OF THIS ORDER AT ONCE UPON ALL PARTIES IN THIS ACTION AND UPON THOSE SUBSEQUENTLY JOINED IN ACCORDANCE WITH THE PROVISIONS OF FEDERAL RULES OF CIVIL PROCEDURE 4 AND 5 AND CIVIL LOCAL RULES 4 AND 5, and to file with the Clerk of the Court a Certificate reflecting such service.

Failure to comply with this order, the provisions of Federal Rule of Civil Procedure 16 and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (<u>See</u> Fed. R. Civ. P. 16(f)).

Dated: January 26, 2001

ELIZABETH D. LAPORTE
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.	Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.	Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.	Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.	Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.	Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.	Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.	Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.	Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.	Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.