THOMAS P. QUINN, JR. (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. NASH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION, EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation, TRANS UNION LLC, a Delaware corporation, EQUIFAX INFORMATION SERVICES LLC, a Georgia corporation,<br><br>　　　　Defendants. | Case No: C 08-01521 EDL<br><br>**ANSWER AND DEFENSES OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") hereby submits its answer and defenses to Plaintiff's Complaint as follows:

## **ANSWER**

1. In response to Paragraph 1 of Plaintiff's Complaint, Equifax admits that Plaintiff brings this case under the Fair Credit Reporting Act, but denies any liability to Plaintiff.

## **THE PARTIES**

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.	Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.	Equifax admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.	Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.	Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

**JURISDICTION**

7.	To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

**VENUE**

8.	Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**FACTS**

9.	Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.	Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.	Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.	Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.	Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.	Equifax admits the allegations contained in Paragraph 14 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Equifax admits the allegations contained in Paragraph 15 of Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. In response to the allegations in paragraph 16 of Plaintiff's Complaint, Equifax states that it did not include, in its credit file on Plaintiff, information that the Navy FCU account was disputed by Plaintiff. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

**DAMAGES**

17. Equifax denies the allegations contained in Paragraph 17 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Equifax denies the allegations contained in Paragraph 18 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF-DEFENDANT EQUIFAX, EXPERIAN AND TRANS UNION'S FAILURE TO REINVESTIGATE DISPUTED INFORMATION**

19. In response to Paragraph 19 of Plaintiff's Complaint, Equifax restates and incorporates its responses to paragraphs 1 – 18 as though fully set forth herein.

20. In response to the allegations in paragraph 20 of Plaintiff's complaint, Equifax states that the provisions of the FCRA speak for themselves. Equifax denies the remaining allegations contained in Paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Equifax denies the allegations contained in Paragraph 21 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF: DEFENDANT NAVY FCU'S REPORTING INACCURATE INFORMATION TO DEFENDANTS EQUIFAX, EXPERIAN AND TRANS UNION'S AND FAILURE TO REINVESTIGATE

22.     In response to Paragraph 22 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

23.     In response to Paragraph 23 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

24.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Equifax denies the allegations contained in Paragraph 25 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

## PRAYER

26.     Equifax denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

## DEFENSES

27.     Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

28.     Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## SECOND DEFENSE

29.     Equifax reserves the right to have additional defenses that it learns of through the course of discovery.

**THIRD DEFENSE**

30. Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

**FOURTH DEFENSE**

31. To the extent that plaintiff alleges that Equifax violated the FCRA, CCCRA or other similar statute, Equifax is entitled to, and asserts, each and every defense and limitation of liability provided by said acts.

**FIFTH DEFENSE**

32. Some, or all, of Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681h(e).

**SIXTH DEFENSE**

33. Equifax maintained reasonable procedures to assure the maximum possible accuracy in its credit reports.

**SEVENTH DEFENSE**

34. The Complaint, and each and every cause of action stated therein, is barred by the provisions of CCRAA §§1785.31, 1785.32 and 1785.33.

**EIGHTH DEFENSE**

35. The Complaint is barred by Plaintiff's failure to mitigate his damages, if any.

**NINTH DEFENSE**

36. Equifax's publication of information about Plaintiff, if any, was privileged and justified.

**TENTH DEFENSE**

37. Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

**ELEVENTH DEFENSE**

38. Plaintiff's complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S.

559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

**TWELFTH DEFENSE**

39. As a defense, Equifax asserts that some or all of plaintiff's claims are barred by qualified immunity.

**THIRTEENTH DEFENSE**

40. Any allegation of the Complaint not expressly admitted is denied.

**WHEREFORE,** this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint on file herein, and that the same be dismissed;
2. For costs of suit and attorney's fees herein; and
3. For such other and further relief as the Court may deem just and proper.

NOKES & QUINN

Dated: April 11, 2008            /s/ THOMAS P. QUINN, JR.
                                 THOMAS P. QUINN, JR.,
                                 Attorneys for Defendant EQUIFAX
                                 INFORMATION SERVICES, LLC

Of Counsel:

Brian J. Olson
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100

# CERTIFICATE OF SERVICE

Nash v. Equifax et al., Case No. C08-1521 EDL

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On April 11, 2008. I served a true copy of the

### ANSWER AND DEFENSES OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC

[ ]    By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ ]    By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[X]    By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

**Mark F. Anderson**
Kemnitzer Anderson Barron Ogilvie & Brewer, LLP
445 Bush Street, Sixth Floor
San Francisco, CA 94108
(415) 861-2265
Fax: (415) 861-3151
Email: mark@kabolaw.com

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ YVONNE M. HOMAN
　　　　　　　　　　　　　　　　　　　　　　　　YVONNE M. HOMAN

Place of Mailing:  Laguna Beach, California

Executed on April 11, 2008, at Laguna Beach, California.