David L. Wallach (State Bar No. 233432)
dwallach@jonesday.com
JONES DAY
555 California Street
San Francisco, CA 94105
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Of Counsel
Cindy W. Andrew (TX State Bar No. 00796128)
candrew@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone:    (214) 220-3939
Facsimile:    (214) 969-5100

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODNEY C. NASH**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**NAVY FEDERAL CREDIT UNION; EXPERIAN INFORMATION SOLUTIONS, INC., a Ohio corporation; TRANS UNION LLC, a Delaware corporation; EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation;**<br><br>      **Defendant.** | Case No. C-08-01521<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES** |

      Defendant Experian Information Solutions, Inc. ("Experian") files its Original Answer and Affirmative Defenses to Plaintiff's Original Complaint ("Complaint") filed by Rodney C. Nash as follows:

      1.      In response to the averments contained in paragraph 1 of the Complaint, Experian admits that plaintiff's action is brought pursuant to the FCRA. Experian, however, expressly denies that it is liable to plaintiff or that plaintiff is in any way entitled to relief from Experian.

1  Experian denies the remaining averments of paragraph 1.

2       2.   In response to the averments contained in paragraph 2 of the Complaint, Experian admits that plaintiff is a "consumer" as defined by the FCRA. By way of further answer, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the other averments that purport to apply to plaintiff, in particular the allegation concerning plaintiff's city and county of residence, so on that basis, Experian denies those averments. Experian denies the remaining averments of paragraph 2.

3.   In response to the averments contained in paragraph 3 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian denies the remaining averments of paragraph 3.

4.   In response to the averments contained in paragraph 4 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian denies the remaining averments of paragraph 4.

5.   In response to the averments contained in paragraph 5 of the Complaint, Experian admits that it is a consumer reporting agency as defined in the FCRA and as such, receives credit information and other information on consumers for the purpose of furnishing consumer reports to third parties as defined by the FCRA. Experian denies the remaining averments of paragraph 5.

6.   In response to the averments contained in paragraph 6 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian denies the remaining averments of paragraph 6.

7.   In response to the averments contained in paragraph 7 of the Complaint, Experian admits that it is authorized to do business, and is doing business, in California. As a result, this Court has jurisdiction over this matter under 28 U.S.C. § 1331. By way of further answer, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian denies the remaining averments contained in paragraph 7 of the Complaint.

8. In response to the averments contained in paragraph 8 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to the other defendants and, on that basis, denies those averments. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Furthermore, Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief whatsoever against Experian. Experian denies the remaining averments of paragraph 8.

9. In response to the averments contained in paragraph 9 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to plaintiff and/or other third parties and, on that basis, denies those averments. Experian denies the remaining averments contained in paragraph 9 of the Complaint.

10. In response to the averments contained in paragraph 10 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to plaintiff and/or other defendants and, on that basis, denies those averments. Experian denies the remaining averments contained in paragraph 10 of the Complaint.

11. In response to the averments contained in paragraph 11 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian denies the remaining averments contained in paragraph 11 of the Complaint.

12. In response to the averments contained in paragraph 12 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian further states that it has not yet completed its investigation with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient

1  to form a belief as to the truth or the falsity of the averments that purport to apply to plaintiff's
2  credit report and, on that basis, denies those averments. Experian denies the remaining averments
3  of paragraph 12.

4      13.    In response to the averments contained in paragraph 13 of the Complaint, Experian
5  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
6  averments that purport to apply to other defendants and, on that basis, denies those averments.
7  Experian further states that it has not yet completed its investigation with regard to its reporting of
8  plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient
9  to form a belief as to the truth or the falsity of the averments that purport to apply to plaintiff's
10 credit report and, on that basis, denies those averments. Experian denies the remaining averments
11 of paragraph 13.

12     14.    In response to the averments contained in paragraph 14 of the Complaint, Experian
13 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
14 averments that purport to apply to other defendants and, on that basis, denies those averments.
15 Experian further states that it has not yet completed its investigation with regard to its reporting of
16 plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient
17 to form a belief as to the truth or the falsity of the averments that purport to apply to plaintiff's
18 credit report and, on that basis, denies those averments. Experian denies the remaining averments
19 of paragraph 14.

20     15.    In response to the averments contained in paragraph 15 of the Complaint, Experian
21 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
22 averments that purport to apply to other defendants and, on that basis, denies those averments.
23 Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally.
24 Furthermore, Experian denies that plaintiff is entitled to relief whatsoever against Experian.
25 Experian denies the remaining averments of paragraph 15.

26     16.    In response to the averments contained in paragraph 16 of the Complaint, Experian
27 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
28 averments that purport to apply to other defendants and, on that basis, denies those averments.

Experian further states that it has not yet completed its investigation with regard to its reporting of plaintiff's credit information. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth or the falsity of the averments that purport to apply to plaintiff's credit report and, on that basis, denies those averments. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Furthermore, Experian denies that plaintiff is entitled to relief whatsoever against Experian. Experian denies the remaining averments of paragraph 16.

17. In response to the averments contained in paragraph 17 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to other defendants and, on that basis, denies those averments. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Furthermore, Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief whatsoever against Experian. Experian denies the remaining averments of paragraph 17.

18. In response to the averments contained in paragraph 18 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to the other defendants and, on that basis, denies those averments. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally. Furthermore, Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief whatsoever against Experian. Experian denies the remaining averments of paragraph 18.

19. Paragraph 19 of the Complaint does not require an answer because it does not include any factual averments. To the extent an answer is required, Experian denies the averments in paragraph 19.

20. In response to the averments contained in paragraph 20 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments that purport to apply to the other defendants and, on that basis, denies those averments. Experian, however, expressly denies that it violated the FCRA, either negligently or intentionally.

1  Furthermore, Experian denies that plaintiff is entitled to any relief sought in the Complaint or to
2  any other relief whatsoever against Experian.  Experian denies the remaining averments contained
3  in paragraph 20 of the Complaint.

4        21.     In response to the averments contained in paragraph 21 of the Complaint, Experian
5  expressly denies that it violated the FCRA, either negligently or intentionally.  Furthermore,
6  Experian denies that plaintiff is entitled to any relief sought in the Complaint or to any other relief
7  whatsoever against Experian.  Experian denies the remaining averments contained in
8  paragraph 21 of the Complaint.

9        22.     Paragraph 22 of the Complaint does not require an answer because it does not
10 include any factual averments.  To the extent an answer is required, Experian denies the
11 averments of paragraph 22.

12       23.     In response to the averments contained in paragraph 23 of the Complaint, Experian
13 states that the statute speaks for itself.  Experian denies the remaining averments of paragraph 23.

14       24.     In response to the averments contained in paragraph 24 of the Complaint, Experian
15 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
16 averments that purport to apply to other defendants and, on that basis, denies those averments.
17 Experian denies the remaining averments of paragraph 24.

18       25.     In response to the averments contained in paragraph 25 of the Complaint, Experian
19 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the
20 averments that purport to apply to other defendants and, on that basis, denies those averments.
21 By way of further answer, Experian states that it has not yet completed its investigation with
22 regard to its reporting of plaintiff's credit information.  Therefore, Experian is without knowledge
23 or information sufficient to form a belief.  As to truth or the falsity of the averments that purport
24 to apply to plaintiff's disputes.  Experian denies the remaining averments of paragraph 25.

25       26.     In response to the averments contained in the unnumbered paragraph beginning
26 "Wherefore" and each of its subparts, Experian denies that plaintiff is entitled to any relief sought
27 in the Complaint or to any other relief whatsoever against Experian.  Experian denies the
28 remaining averments of these unnumbered paragraphs.

# AFFIRMATIVE DEFENSES

27.　In addition to the responses to the individual paragraphs above, Experian further pleads the following affirmative defenses.

## FIRST DEFENSE

28.　As an affirmative defense, Experian states that the injuries and damages allegedly sustained by plaintiff were directly and proximately caused by the acts of others.

## SECOND DEFENSE

29.　As an affirmative defense, Experian states that plaintiff's rights of recovery are barred by the doctrines of waiver, estoppel or laches and by the statute of limitations as set out in 15 U.S.C. §1681p, and any other applicable statute of limitations.

## THIRD DEFENSE

30.　As an affirmative defense, Experian states that plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## FOURTH DEFENSE

31.　As an affirmative defense, Experian states that all or part of the damages allegedly suffered by plaintiff in this action were caused by plaintiff's failure to mitigate damages as required by law.

## FIFTH DEFENSE

32.　As an affirmative defense, Experian states that plaintiff is barred from recovery to the extent plaintiff was contributorily and/or comparatively negligent.

## SIXTH DEFENSE

33.　As an affirmative defense, Experian states that the complaint fails to state a claim upon which relief can be granted to the plaintiff and should be dismissed.

## SEVENTH DEFENSE

34.　As an affirmative defense, Experian states that any claims for punitive or exemplary damages violate Experian's right to due process of law under the United States and California Constitutions.

**PRAYER**

WHEREFORE, defendant Experian prays that plaintiff take nothing as a result of this suit, that this action be dismissed in its entirety, and that Experian be awarded all costs, including reasonable attorney's fees, and other relief that the Court deems just and proper.

Dated: April 11, 2008

JONES DAY

By: /s/ David L. Wallach
David L. Wallach
California Bar No. 233432
JONES DAY
555 California Street
San Francisco, CA  94105
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700
dwallach@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

Of Counsel:

/s/ Cindy W. Andrew
Cindy W. Andrew
Of Counsel
Texas Bar No. 00796128
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201-1515
Telephone:  (214) 220-3939
Facsimile:  (214) 969-5100
candrew@jonesday.com

DLI-6182186v1

- 8 -

EXPERIAN'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing have been served on Mark F. Anderson, Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP, 445 Bush Street, 6th Floor, San Francisco, California 94108, counsel for plaintiff, and all other counsel of record via the electronic filing system this 11th day of April, 2008.

/s/ David L. Wallach