Darya S. Druch, Esq. (CSB #135827)
One Kaiser Plaza, Suite 480
Oakland, CA 94612
Telephone: 510-465-1788
Fax: 510-874-7219
E-Mail: darya@daryalaw.com

*Local Counsel for Defendant Trans Union, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RODNEY C. NASH,<br>       Plaintiff,<br><br>vs.<br><br>NAVY FEDERAL CREDIT UNION;<br>EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; TRANS UNION LLC, a Delaware corporation; and<br>EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation;<br>       Defendants. | CASE NO. 3:08-cv-01521-EDL<br><br>**TRANS UNION, LCC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

1. This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2. Plaintiff Rodney C. Nash is a "consumer" as defined by 15 U.S.C. § 1681a(c) Plaintiff resides in the City and County of Alameda.

Trans Union, LLC's Answer to Plaintiff's Complaint and Affirmative Defenses – 3:08-cv-01521-EDL

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

3. Defendant Navy Federal Credit Union ("Navy FCU") has its principal place of business in Merrifield, VA Navy FCU is both a "person" as defined by 15 USC § 1681a(b) and a "user" of consumer credit information as said term is used in the FCRA including 15 USC § 1681b.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

4. Defendant Equifax Information Services, LLC ("Equifax") is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. § 1681a(f) and (p).

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. § 1681a(f) and (p).

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

6. Defendant Trans Union, LLC ("Trans Union") is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. § 1681a(f) and (p).

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that any remaining allegations of this paragraph are legal conclusions and, so stating denies them.

## JURISDICTION

7. This court has jurisdiction under 28 U.S.C. § 1331. Defendants were authorized to and have been doing business within this district at all relevant times.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them as they relate to Trans Union.

### VENUE

8. The activities alleged herein occurred within this district.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

### FACTS

9. On August 22, 1997, plaintiff Rodney C. Nash purchased a new 1998 Mitsubishi car for which he finished with a loan from defendant Navy FCU in the amount of $36,000. In January 2000, the car was stolen and not recovered, on February 22, 2000, plaintiff's insurance company Progressive paid $17,742.03 directly to the defendant Navy FCU for the loss. On March 6, 2000, Progressive paid $465.49 to the Navy FCU for reasons unknown to plaintiff Progressive's payments left a loan balance of about $14,123. Not having the car and not being able to make payments on the loan, plaintiff made no further payments on the car loan.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

10. There has been no further activity on the Navy FCU loan account since March 6, 2000.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

11. Under the FCRA, the Navy FCU loan was not reportable to the credit bureaus after 180 days plus seven years (September 2007). However, the defendant Navy FCU re-aged the account reporting to the credit reporting agencies that the date of last activity was August 2003 or September 2003. Navy FCU continued to fraudulently carry this bad debt as a performing loan for over three years. The effect was the re-aging was to make the debt reportable until the same months in 2009.

Trans Union, LLC's Answer to Plaintiff's Complaint and Affirmative Defenses – 3:08-cv-01521-EDL

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

12. Defendant Navy FCU also reported falsely to at least Experian and Trans Union that the debt was in the amount of $177,715 rather than the correct amount of $17,715. The purpose may have been to claim an exemption to the seven year reporting period limit, which exempts debts over $150,000.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

13. The Navy FCU has continued to report the loan balance to the defendant credit reporting agencies to date in spite of dispute letters sent to them by plaintiff in or about September 2000, November 2005, and on January 7, 2008.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

14. Plaintiff is informed and believes that each of the defendant credit reporting agencies sent Navy FCU a notification that plaintiff was disputing the accuracy of what it was reporting to them.

**ANSWER:** Trans Union states that it has insufficient knowledge, at this time, to admit or deny the allegations of this paragraph.

15. Defendant Navy FCU and the defendant credit reporting agencies failed to perform a reasonable reinvestigation as required by the FCRA.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

16. Each of the defendant credit reporting agencies failed to note in its consumer disclosures and credit reports that the Navy FCU loan information was disputed by plaintiff.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

Trans Union, LLC's Answer to Plaintiff's Complaint and Affirmative Defenses – 3:08-cv-01521-EDL

**Damages**

17. Plaintiff has been damaged by defendants' refusal to correct and delete the inaccurate information on his credit reports.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

18. Plaintiff has been denied credit because of the report of the Navy FCU loan account. Plaintiff has suffered emotional distress as a legal result of defendants' violations of the FCRA.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of the first sentence paragraph and, so stating, denies them. Trans Union denies the remaining allegations of this paragraph as they relate to Trans Union.

**First Claim for Relief-Defendant Equifax, Experian and Trans Union's Failure to Reinvestigate Disputed Information**

19. Plaintiff realleges and incorporates ¶¶ 1-18.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

20. After plaintiff disputed the accounts mentioned above, defendants Equifax, Experian and Trans Union were required by 15 USC 1681(A) to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, defendants were required to send all relevant information to the furnishers, which it did not do.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

21. Defendants negligently and willfully failed to conduct reasonable reinvestigations as required by the FCRA.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union.

Trans Union, LLC's Answer to Plaintiff's Complaint and Affirmative Defenses – 3:08-cv-01521-EDL

Page 5 of 5

**Second Claim for Relief-Defendant Navy FCU's Reporting Inaccurate Information to Defendants Equifax, Experian and Trans Union and Failure to Reinvestigate**

22. Plaintiff realleges and incorporates ¶¶ 1-18.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

23. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information in inaccurate.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union. However, to the extent any response is required from Trans Union, Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

24. Defendant Navy FCU violated section 1681s-2 by reporting inaccurate account information.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union. However, to the extent any response is required from Trans Union, Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

25. Defendants Equifax, Experian and Trans Union provided notice to the defendant Navy FCU that plaintiff was disputing the inaccurate information, but each of the furnishers failed to reinvestigate the information as required by the FCRA, 15 USC 1681s-2(a)(E).

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

**WHEREFORE**, plaintiff prays for judgment against defendant as follows

1. Actual damages,
2. Statutory damages,
3.[sic] Punitive damages,

Trans Union, LLC's Answer to Plaintiff's Complaint and Affirmative Defenses – 3:08-cv-01521-EDL

4.[sic]  Attorney fees, and

5.[sic]  Costs and expenses incurred in the action

**ANSWER:**   Trans Union denies that Plaintiff is entitled to the relief requested in this paragraph, and its subparts, from Trans Union.

## AFFIRMATIVE DEFENSES

1.   Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.   Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

3.   Trans Union's reports concerning Plaintiff were true or substantially true.

4.   Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.   Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.   Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681(t).

7.   At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law.

8.   Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

9.   Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.   Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions, and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*s/ Darya S. Druch*
Darya S. Druch, Esq. (CSB #135827)
One Kaiser Plaza, Suite 480
Oakland, CA  94612
Telephone:  510-465-1788
Fax:  510-874-7219
E-Mail:  darya@daryalaw.com

*Local Counsel for Defendant Trans Union, LLC*

Trans Union, LLC's Answer to Plaintiff's Complaint and Affirmative Defenses – 3:08-cv-01521-EDL

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** has been filed electronically on the **14th day of April, 2008**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Mark F. Anderson, Esq.<br>mark@kabolaw.com | David L. Wallach, Esq.<br>dwallach@jonesday.com |
|---|---|
| Thomas P. Quinn, Esq.<br>yhoman@nokesquinn.com | |

The undersigned further certifies that a true copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **14th day of April, 2008**, properly addressed as follows:

**for Defendant Trans Union, LLC**:
Wade D. Fulford, Esq.
Christopher T. Lane, Esq.
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN  46204

                         *s/ Darya S. Druch*
                         Darya S. Druch, Esq. (CSB #135827)
                         One Kaiser Plaza, Suite 480
                         Oakland, CA  94612
                         Telephone:  510-465-1788
                         Fax:  510-874-7219
                         E-Mail:  darya@daryalaw.com
                         *Local Counsel for Defendant Trans Union, LLC*

Trans Union, LLC's Answer to Plaintiff's Complaint and Affirmative Defenses – 3:08-cv-01521-EDL