PAULA G. TRIPP (Bar No. 113050)
pgt@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
444 South Flower Street
Los Angeles, California 90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

**Attorneys for Defendant NAVY FEDERAL CREDIT UNION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RODNEY C. NASH,<br><br>    Plaintiff,<br><br>vs.<br><br>NAVY FEDERAL CREDIT UNION; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; TRANS UNION LLC, a Delaware corporation; EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation,<br><br>    Defendants. | Case No. C08-01521 EDL<br><br>**DEFENDANT NAVY FEDERAL CREDIT UNION'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant NAVY FEDERAL CREDIT UNION ("NFCU") for itself alone, hereby answers the Complaint ("Complaint") of plaintiff RODNEY NASH ("PLAINTIFF") as follows:

1.    In response to Paragraph 1 of the Complaint, NFCU admits that the PLAINTIFF is seeking remedies under 15 U.S.C. 1681, et seq. known as the Fair Credit Reporting Act ("FCRA").

2.    In response to Paragraph 2 of the Complaint, NFCU admits that PLAINTIFF is a "consumer" as defined by 15 U.S.C. 1681a(c). As to the remaining allegations of Paragraph 2, NFCU lacks sufficient knowledge or information to

admit or deny the allegations, and based thereon, denies the allegations contained therein.

3. In response to Paragraph 3 of the Complaint, NFCU admits the allegations contained therein.

4. In response to Paragraph 4 of the Complaint, NFCU states that it lacks sufficient knowledge or information to admit or deny the allegations contained therein, and based thereon, denies each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, NFCU states that it lacks sufficient knowledge or information to admit or deny the allegations contained therein, and based thereon, denies each and every allegation contained therein.

6. In response to Paragraph 6 of the Complaint, NFCU states that it lacks sufficient knowledge or information to admit or deny the allegations contained therein, and based thereon, denies each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, NFCU states that whether this court has jurisdiction is a legal conclusion not subject to admission or denial. To the extent the allegations are not legal conclusions, NFCU admits the allegations contained therein.

8. In response to Paragraph 8 of the Complaint, NFCU denies the allegations contained therein.

9. In response to Paragraph 9 of the Complaint, NFCU states as follows: As to the first sentence, NFCU lacks sufficient knowledge to admit or deny whether PLAINTIFF purchased the vehicle on August 22, 1997, but NFCU admits that the loan amount was $36,040. NFCU denies that PLAINTIFF made no further payments on the car loan after March 6, 2000. As to the remaining allegations in this paragraph, NFCU lacks sufficient knowledge to admit or deny those allegations and, based thereon, denies each and every allegation contained therein.

10. In response to Paragraph 10 of the Complaint, NFCU denies the allegations contained therein.

11. In response to Paragraph 11 of the Complaint, NFCU denies the allegations contained therein.

12. In response to Paragraph 12 of the Complaint, NFCU states that it lacks sufficient knowledge or information to admit or deny the allegations contained in the first sentence of that paragraph, and based thereon, denies each and every allegation contained therein.. As to the second sentence, NFCU denies the allegations contained therein.

13. In response to Paragraph 13 of the Complaint, NFCU, at the current time, lacks sufficient knowledge or information to admit or deny the allegations, and based thereon, denies each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, NFCU states that, at the current time, it lacks sufficient knowledge or information to admit or deny the allegations contained therein, and based thereon, denies each and every allegation contained therein.

15. In response to the allegations stated against NFCU in Paragraph 15 of the Complaint, NFCU denies the allegations contained therein.

16. In response to Paragraph 16 of the Complaint, the allegations contained therein are not stated as to NFCU and, therefore, NFCU has no obligation to respond to them.

17. In response to Paragraph 17 of the Complaint, NFCU states that it lacks sufficient knowledge or information to admit or deny the allegations contained therein, and based thereon, denies each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, NFCU states that it lacks sufficient knowledge or information to admit or deny the allegations contained therein, and based thereon, denies each and every allegation contained therein.

19. In response to Paragraph 19 of the Complaint, NFCU realleges and incorporates its responses to Paragraphs 1 through 18 above as though fully set forth herein.

20.  In response to Paragraph 20 of the Complaint, the allegations contained therein are not stated as to NFCU and, therefore, NFCU has no obligation to respond to them.

21.  In response to Paragraph 21 of the Complaint, the allegations contained therein are not stated as to NFCU and, therefore, NFCU has no obligation to respond to them.

22.  In response to Paragraph 22 of the Complaint, NFCU realleges and incorporates its responses to Paragraphs 1 through 21 above as though fully set forth herein.

23.  In response to Paragraph 23 of the Complaint, NFCU states whether 15 USC 1681s-2 provides as alleged is a legal conclusion not subject to admission or denial by NFCU.

24.  In response to Paragraph 24 of the Complaint, NFCU denies the allegations contained therein.

25.  In response to Paragraph 25 of the Complaint, NFCU denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**[Failure to State a Cause of Action]**

26.  As a separate affirmative defense, NFCU alleges that the Complaint on file herein does not allege sufficient facts to plead a valid cause of action and/or claim for relief against NFCU.

### SECOND AFFIRMATIVE DEFENSE

**[Punitive Damages Barred by the United States Constitution]**

27.  As a separate and further affirmative defense, NFCU alleges that PLAINTIFF's claims for punitive damages are barred by the United States Constitution.

/ / /

## THIRD AFFIRMATIVE DEFENSE

### [Accuracy and Reasonableness of Actions and Investigations]

28. As a separate and further affirmative defense, NFCU alleges that it accurately reported PLAINTIFF's information and acted reasonably in its reporting and investigation of any of the PLAINTIFF's disputes to Experian or any other credit reporting agency.

## FOURTH AFFIRMATIVE DEFENSE

### [Legitimate Business Need]

29. As a separate and further affirmative defense, NFCU alleges that it had a legitimate business need for PLAINTIFF's credit information, pursuant to U.S.C. Section 1681b(a)(3)(F).

## FIFTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate Damages]

30. As a separate and further affirmative defense, PLAINTIFF failed to take proper and reasonable steps to protect themselves and to avoid or mitigate the damages complained of, if any there were and, to the extent of any such failure to mitigate or to avoid damages, any recovery by PLAINTIFF should be reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

31. As a separate and further affirmative defense, if PLAINTIFF suffered any damages, said damage occurred as a proximate result of PLAINTIFF's own acts, and not as a result of any acts, omissions, or conduct of NFCU. By reason thereof, PLAINTIFF is barred from asserting any or all claims set forth in the Complaint by the doctrine of *in pari delicto* and unclean hands.

///

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### [Equitable Estoppel]

32. As a separate and further affirmative defense, PLAINTIFF is equitably estopped from asserting each and all of the allegations in the Complaint by reason of his own acts, omissions, and conduct and that of his agents upon which NFCU relied to its prejudice and detriment.

## EIGHTH AFFIRMATIVE DEFENSE

### [Laches]

33. As a separate and further affirmative defense, NFCU is informed and believes, and on that basis alleges, that pursuant to the doctrine of laches, PLAINTIFF may not recover against NFCU because PLAINTIFF has inequitably delayed the commencement and prosecution of this action which, as a result, has unduly prejudiced NFCU.

## NINTH AFFIRMATIVE DEFENSE

### [Waiver]

34. As a separate and further affirmative defense, NFCU is informed and believes, and on that basis alleges, that PLAINTIFF's Complaint, and each claim therein, is barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

35. As a separate and distinct affirmative defense, NFCU alleges that the Complaint, and each and every cause of action contained therein, is barred by the applicable statute of limitations, including, but not limited to, 15 U.S.C. §1681p.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Good Faith]

36. As a separate and further affirmative defense, NFCU alleges that it, at all times, acted reasonably and in good faith.

///

## TWELFTH AFFIRMATIVE DEFENSE

### [Authorization]

37. As a separate and further affirmative defense, NFCU alleges that PLAINTIFF authorized prospective lenders, including without limitation, NFCU, to access his credit reports, pursuant to 15 U.S.C. Section 1681b(a).

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Comparative Negligence]

38. As a separate and further affirmative defense, NFCU alleges that PLAINTIFF was careless and negligent with respect to the matters alleged in the Complaint and such carelessness and negligence proximately contributed to the loss and damages complained of, if any there were, and PLAINTIFF's contributory negligence or comparative fault bars or proportionately reduces any potential claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Fault of Others]

39. As a separate and further affirmative defense, NFCU alleges that other persons or entities not named in the Complaint were careless, negligent, or otherwise at fault, and this carelessness, negligence or fault proximately caused or contributed to the happening of the matters referred to in the Complaint and to PLAINTIFF's alleged damages, if any there were.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Justification]

40. As a separate and further affirmative defense, NFCU alleges that any harm resulting from matters alleged in the Complaint, which harm NFCU specifically denies, is outweighed by the necessity, utility and convenience of NFCU's practices which justify it in employing such practices.

/ / /

/ / /

/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## SIXTEENTH AFFIRMATIVE DEFENSE
### [Release/Consent/Estoppel]

41. As a separate and further affirmative defense, NFCU is informed and believes, and based thereon alleges, that PLAINTIFF released and/or consented to the matters set forth in his Complaint or any purported claim for relief therein and are therefore estopped from asserting them.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### [Reasonableness of Attorney's Fees]

42. As a separate and further affirmative defense, NFCU is informed and believes, and based thereon alleges, that the attorney's fees claimed or to be claimed by PLAINTIFF in this action are unreasonable.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### [Right to Raise Additional Affirmative Defenses]

43. As a separate and further affirmative defense, NFCU reserves the right to amend its Answer to assert additional affirmative defenses and to supplement, alter or change this Answer and defenses upon revelation of more definitive facts by NFCU and upon the undertaking of discovery and investigation in this matter.

**WHEREFORE**, defendant NFCU prays as follows:

1. That PLAINTIFF take nothing way of his Complaint.
2. That a judgment of dismissal be entered in favor of NFCU;
3. That NFCU be awarded costs of suit incurred herein;
4. That NFCU be awarded reasonable attorney's fees incurred herein; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

1      5.    For such other and further relief as this Court may deem just and
2  proper.

4  DATED: May 6, 2008        ANDERSON, McPHARLIN & CONNERS LLP

6  By: _____
       Paula G. Tripp
7     Attorneys for Defendant NAVY FEDERAL
   CREDIT UNION

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

## DEMAND FOR JURY TRIAL

Defendant NAVY FEDERAL CREDIT UNION hereby demands a trial by jury in this action.

DATED: May 6, 2008          ANDERSON, McPHARLIN & CONNERS LLP

By: _____
Paula G. Tripp
Attorneys for Defendant NAVY FEDERAL CREDIT UNION

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing **DEFENDANT NAVY FEDERAL CREDIT UNION'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** and know its contents.

I am Vice President, Security Branch, of Navy Federal Credit Union, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on May _6_, 2008, at Merrifield, Virginia.

I declare under penalty of perjury under the laws of the State of Virginia that the foregoing is true and correct.

_TOM LYONS_____     _[signature]_____
Print Name of Signator                  Signature

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594