Mark F. Anderson (SBN 44787)
Matthew DaVega (SBN 195443)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
mark@kabolaw.com

Attorneys for Plaintiff Rodney C. Nash

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODNEY C. NASH,** | Case No. CV 08-01521 JSW |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| **NAVY FEDERAL CREDIT UNION, et al,** | Hearing Date: July 25, 2008 |
| Defendants. | Time: 1:30 PM<br>Courtroom 2, 17th Floor |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and counsel for Defendants conferred to discuss the matters set forth in Rule 16, Rule 26(f), Local Rule 3-5, and the Court's Order dated May 20, 2008, Setting Initial Case Management Conference and Requiring Joint Case Management Statement.

**1.   BASIS FOR JURISDICTION AND SERVICE**

This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Consequently, this Court has jurisdiction pursuant to 15 U.S.C. § 1681p. All parties have been served.

**2.   STATEMENT OF FACTS**

Plaintiff:

On August 22, 1997, plaintiff Rodney C. Nash purchased a new 1998 Mitsubishi car for which he financed with a loan from defendant Navy FCU in the amount of $36,040. In

Joint Case Management Conference Statement in *Nash v Navy FCU,* No. 3:08-cv-01521-JSW       1

January 2000, the car was stolen and not recovered; on February 22, 2000, plaintiff's insurance company Progressive paid $17,742.03 to the Navy FCU for the loss. Progressive's payments left a loan balance of about $14,123. Not having the car and not being able to make payments on the loan, plaintiff made no further payments on the car loan. There has been no further activity on the Navy FCU loan account since March 6, 2000.

Under the FCRA, the Navy FCU loan was not reportable to the credit bureaus after 180 days plus seven years (September 2007). However, the defendant Navy FCU re-aged the account reporting to the credit reporting agencies that the date of last activity was August 2003 or September 2003. Navy FCU continued to fraudulently carry this bad debt as a performing loan for over three years. The effect was the re-aging was to make the debt reportable until the same months in 2009.

Defendant Navy FCU also falsely reported to defendants Experian and Trans Union that the debt was in the amount of $177,715 rather than the correct amount of $17,715. The purpose may have been to claim an exemption to the seven year reporting period limit, which exempts debts over $150,000.

The Navy FCU has continued to report the loan balance to the defendant credit reporting agencies to date in spite of dispute letters sent to them by plaintiff in or about September 2000, November 2005, and on January 7, 2008.

Each of the defendant credit reporting agencies sent Navy FCU a notification that plaintiff was disputing the accuracy of what it was reporting to them. However, the Navy FCU and the defendant credit reporting agencies failed to perform a reasonable reinvestigation as required by the FCRA. The defendant credit reporting agencies failed to note in its consumer disclosures and credit reports that the Navy FCU loan information was disputed by plaintiff.

1. Defendants' statements:

Experian: Experian is a national credit reporting agency. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit

information itself, nor does it make loans, decide who should receive credit, or set loan terms.  It serves as a conduit for credit information that it obtains from Experian's customers or "subscribers," which include banks, retailers, finance companies, and collection agencies.  Because its subscriber businesses have a direct relationship with consumers, Experian relies on its subscribers to provide information about the subscribers' customers, including identifying information, type and amount of credit extended, and credit performance.

Experian is still investigating Plaintiff's claims and his alleged communications with Experian.  As a result, Experian cannot comment on Plaintiff's specific factual allegations.  Experian, however, denies that it violated the FCRA negligently or intentionally.  Experian maintains that at all times it employed reasonable procedures in preparing Plaintiff's credit reports.  Additionally, it is Experian's position that its reinvestigation policies and procedures are reasonable.  Any damages Plaintiff may have sustained, therefore, were not caused by Experian.

Trans Union: Trans Union maintains reasonable procedures designed to ensure the maximum possible accuracy of the information it reports.  Trans Union accepted information regarding Plaintiff from reliable sources.  Trans Union investigated Plaintiff's disputes made with it and timely reported the results of those investigations to Plaintiff.  Trans Union also updated the information contained in Plaintiff's Trans Union credit files pursuant to those investigations when warranted.  Trans Union is still investigating Plaintiff's claims and his communications with Trans Union, and, therefore, cannot comment further on the factual allegations at this time.  Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681s-2(b). Even if Plaintiff has suffered any compensable damage, the damage was not caused by Trans Union.  Trans Union has not acted with negligence, malice, or intent to harm Plaintiff.  Trans Union has not acted in reckless or conscious disregard for the rights of Plaintiff.  Some of Plaintiff's claims or alleged damages may be barred by the applicable statute of limitations.  Trans Union's investigation into the facts and circumstances of this case is ongoing.

Equifax:

Equifax complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and denies the claims asserted by Plaintiff. Equifax maintains reasonable procedures to assure the maximum possible accuracy of the credit files in its database, including the Plaintiff's credit file. Equifax timely reinvestigated the Plaintiff's disputes. Equifax denies that it caused Plaintiff's damages, if any, and contends that plaintiff's alleged injuries and damages, if any, were directly and legally caused by the acts or omissions of third persons over whom Equifax had neither control nor responsibility and/or resulted from an intervening proximate cause.

Navy FCU:

Defendant Navy Federal Credit Union fully complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq. and denies the claims asserted by plaintiff. It specifically denies that the last activity on the account was in March, 2000, and that it re-aged the account. Navy FCU timely reinvestigated plaintiff's disputes and denies that it caused plaintiff's damages and that denies that it acted maliciously towards plaintiff.

**3.    LEGAL ISSUES**

Plaintiff:

One legal issue is whether the defendants conducted a reasonable reinvestigation of allegedly inaccurate items on plaintiff's credit reports. A second legal issue is whether defendant Navy FCU otherwise complied with its obligations under the FCRA, assuming it was properly notified of inaccurate reporting.

Defendant Navy FCU:

When is an account considered first delinquent for purposes of the commencement of the 7 years plus 180-day period.

**4.    MOTIONS**

Plaintiff:

Plaintiff does not anticipate filing any motions at this time.

Defendants:

The defendants anticipate that each will file a motion for summary judgment or partial adjudication.

**5. AMENDMENT OF PLEADINGS**

The parties do not intend to amend the currently filed pleadings.

**6. EVIDENCE PRESERVATION**

Plaintiff:

Plaintiff will preserve relevant evidence, including electronically filed documents.

Defendants:

Defendants are aware of their responsibility under the Federal Rules to preserve evidence relevant to the issues reasonably evident in this action, and are not aware of any document- or data-destruction program that would prevent them from fulfilling their responsibilities.

**7. DISCLOSURES**

The parties will make their Rule 26 initial disclosures within 14 days after the case management conference.

**8. DISCOVERY**

The Parties do not require any limitations on discovery. The Parties will meet and confer regarding the terms of a Proposed Stipulated Protective Order.

Plaintiff:

Plaintiff may take depositions of persons most knowledgeable concerning the facts of this case.

Defendants:

Defendants will take the deposition of Plaintiff and of any other persons revealed by discovery to have personal knowledge of the matters in dispute. Factual issues with respect to which discovery will be needed include:

- Facts and circumstances surrounding Plaintiff's alleged dispute of credit information with Experian, Equifax and Trans Union.

- Facts and circumstances surrounding the respective Defendant credit reporting agencies' reports of credit information related to Plaintiff.

- Facts and circumstances surrounding the notification of a dispute to and conduct of investigation by the respective defendant Navy FCU, a furnisher of information.

- The last activity on the subject account.
- The reporting of the subject account between March 2000 and September 2007.
- Why two of the credit reporting agencies reported a different amount than did the third.
- Whether Defendants Experian, Equifax and Trans Union negligently and/or willfully violated the Fair Credit Reporting Act as it relates to Navy FCU, a furnisher of credit information.
- The damages suffered by Plaintiff and whether any damages were caused by negligent acts or omissions of the respective Defendants.
- Whether Plaintiff is comparatively at fault for or failed to mitigate any resulting damages.
- Whether the Plaintiff's claims are precluded by the statute of limitations and/or the doctrine of laches.
- Facts and circumstances concerning the first and any subsequent dates of delinquency regarding the disputed account.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

None.

**11. RELIEF**

Plaintiff is claiming compensatory damages for having been denied credit, emotional distress and punitive damages.

**12. SETTLEMENT & ADR**

The parties filed a stipulation that they will mediate the case within 90 days of the Court's order approving the stipulation.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

One of the defendants filed a declination to proceed before the Magistrate Judge to whom this case was originally assigned.

**14. OTHER REFERENCES**

The parties agree this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES**

The parties agree it is premature to attempt to narrow the issues.

**16.  EXPEDITED SCHEDULE**

The parties see no need for streamlined procedures or an expedited schedule.

**17.  SCHEDULING**

The parties request a trial date of April 2009 or such date as may be convenient to the Court.

**18.  TRIAL**

Plaintiff requests a trial by jury and opposes bifurcation. The parties estimate that this case will take 5 to 7 days.

**19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff has no financial disclosures to make.

Defendants have filed their certification of interested parties.

The persons identified by Defendant Experian are Experian Group Limited, a publicly traded company, and seven wholly-owned subsidiaries.

Defendant Trans Union disclosed that Trans Union Corp. may have some interest in this matter.

Defendant Equifax disclosed that it is a wholly-owned subsidiary of Equifax, Inc.

Defendant Navy FCU has certified it has no interested parties to disclose.

Dated: July 18, 2008.

/s/Mark F. Anderson
Mark F. Anderson
Kemnitzer, Anderson, Barron, Ogilvie & BrewerLLP
445 Bush Street, 6th Floor
San Francisco, CA 9411
Phone: (415) 623-3784, ext 101
Fax: (415) 861-3151
email: mark@kabolaw.com
Attorney for Plaintiff Rodney C. Nash

Dated: July 18, 2008

/s/David L. Wallach
/s/ Cindy W. Andrew
JONES DAY
555 California Street, 26th Floor

|   |   |
|---|---|
|   | San Francisco, CA 94104-1500<br>Phone: (415) 875-5715<br>Fax: (415) 875-5700<br>email: dwallach@jonesday.com<br>Attorneys for Experian Information Solutions, Inc. |
| Dated: July 18, 2008 | /s/ Paula G. Tripp<br>Anderson, McPharlin & Conners LLP<br>Thirty-First Floor<br>444 South Flower Street<br>Los Angeles, CA 90071-2901<br>Phone: (213) 688-0080<br>Fax: (213) 622-7594<br>pgt@amclaw.com<br>Attorney for Navy Federal Credit Union |
| Dated: July 18, 2008. | /s/ Darya S. Druch<br>One Kaiser Plaza, Ste 480<br>Oakland, CA 94612<br>Phone: (510) 465-1788<br>Fax: (510) 874-7219<br>darya@daryalaw.com<br><br>Wade D. Fulford<br>Schuckit & Associates, P.C.<br>30th Floor Market Tower<br>10 West Market Street, Ste 3000<br>Indianapolis, IN 46204<br>Phone: (317) 363-2400<br>Fax: (317) 363-2257<br>wfulford@schuckitlaw.com<br>Attorneys for Trans Union LLC |
| Dated: July 18, 2008. | /s/Thomas P. Quinn, Jr.<br>Nokes & Quinn<br>450 Ocean Avenue<br>Laguna Beach, CAQ 92651<br>Phone: 949.376.3055<br>Fax: 949.376.3070<br>tquinn@nokesquinn.com<br>Attorneys for Equifax Information Services LLC |